## THE STACEY CLARKE.

### THOMPSON v. THE STACEY CLARKE.

#### (District Court, S. D. Alabama. May 13, 1892.)

**1 SHIPPING—AUTHORITY OF MASTER—PUNISHMENT OF SEAMEN.**
A master may punish a seaman who refuses to do his duty, and may, if the seaman is incorrigible, discharge him, confine him, or deprive him of privileges; but forfeiture of wages cannot be superadded to corporal punishment, and it is not within the ordinary powers of a master to imprison a sailor on shore.

**2. SAME—MUTINY—DEFINITION.**
Mutiny consists in attempting to deprive the master by violence of his authority as such, whether by resisting him in its exercise, or by actual usurpation of the command.

**3. SAME—WAGES AS DAMAGES.**
When a seaman sues for discharge and for damages for alleged ill treatment, a decree of discharge ends his contract with the vessel, and prevents the allowance of further wages.

In Admiralty. Libel in rem for wages, and damages for alleged cruelty. Decree for libelant.

Smith & Gaynor, for libelant.
W. D. McKinstry, for claimant.

TOULMIN, District Judge. If a seaman refuses to do his duty, he is liable to punishment by the master, and, if he is incorrigible, the master may discharge him, or correct or confine him, or dock him of his privileges; but he cannot superadd a forfeiture of wages after inflicting corporal punishment, (Desty, Shipp. & Adm. 129; Thorne v. White, 1 Pet. Adm. 168;) and it is not one of the ordinary powers of a master to imprison a seaman on shore. But a seaman is bound

to obedience and respect of officers, and the master has the right to enforce discipline, and is justified in the use of any necessary means to this end.    He may use a deadly weapon when necessary to suppress a mutiny, but only when mutiny exists or is threatened.   A revolt or mutiny consists in attempts to usurp the command from the master, or to deprive him of it for any purpose by violence, or in resisting him in the free and lawful exercise of his authority, the overthrowing of the legal authority of the master, with an intent to remove him against his will, and the like.   The evidence fails to satisfy me that there was any revolt or mutiny committed, attempted, or threatened by the libelant on the occasion referred to; but it does satisfy me that he was guilty of disorderly and insubordinate behavior of a very reprehensible character.   There was, however, no obstinate or continued misconduct or refusal to do duty, although his misconduct was of a highly aggravated character, and deserved the punishment which he received, and which in my judgment was severe, being shot at two or three times with a pistol, and then placed in close and solitary confinement on bread and water for a period of 15 days.   I do not say that under the circumstances this was excessive or immoderate punishment, such as would entitle the libelant to damages; but I do think it is sufficient, without superadding to it a forfeiture of all wages.   The government and discipline of the seaman being largely in the discretion of the master, and he having seen proper to correct him in the manner that he has, I do not feel called upon either to punish the master for his acts, by awarding damages against him, or to further punish the libelant, by superadding to the punishment already inflicted a forfeiture of all wages.   I therefore award libelant one month's wages, less the amount of $5 already received by him.   As his term of service contracted for has not expired, more wages would be awarded him, but that he files his libel before the expiration of one month's service praying for a discharge, and thereby severing his connection and ending his contract with the vessel.   The imprisonment on shore in the guardhouse by the master and police officer was in my opinion unlawful, but, as no appreciable damage was done libelant, I consider the amount awarded as wages sufficient to cover this tort, if it be a tort.   A decree will therefore be entered for $20.